NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOSHUA D. SHANDLER,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2024-2323

---

Petition for review of the Merit Systems Protection Board in No. PH-844E-19-0163-I-1.

---

Decided:  June 4, 2026

---

LAWRENCE BERGER, Mahon & Berger, Esqs., Glen Cove, NY, for petitioner.

MOLLIE LENORE GROPP, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by CLAUDIA BURKE, PATRICIA M. MCCARTHY, YAAKOV ROTH.

---

Before REYNA, MAYER, and HUGHES, *Circuit Judges*.

REYNA, *Circuit Judge.*

Joshua D. Shandler petitions for review of a final decision of the Merit Systems Protection Board ("Board") affirming Office of Personnel Management's denial of disability retirement annuity benefits. For the following reasons, we dismiss Mr. Shandler's petition to review as untimely.

Pursuant to 5 U.S.C. § 7703(b)(1), Mr. Shandler had 60 days to file a petition to review to this court from the date of the Board's decision, or the Board's notice of the final order. The Board issued its final decision on July 12, 2024. As Office of Personnel Management ("OPM") points out, Mr. Shandler filed his petition to review with this court on September 12, 2024—62 days later. ECF No. 1. Mr. Shandler does not dispute this delay.

The Supreme Court held in *Harrow v. Department of Defense* that this 60-day deadline is not jurisdictional. 601 U.S. 480, 489–90 (2024). This court, however, has not yet spoken to whether the 60-day deadline is mandatory or subject to equitable tolling. *See id.*; Resp. Br. 22. But even assuming the latter, we determine that Mr. Shandler has failed to establish any sufficient basis for equitable tolling.

A litigant is entitled to equitable tolling of a statute of limitations only upon a showing that (1) "he has been pursuing his rights diligently," and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 255 (2016) (internal quotations omitted). The second prong is met "only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 257 (emphasis in original).

Mr. Shandler does not address his untimely appeal in his opening brief. On reply, Mr. Shandler simply argues that he has "diligently pursued this appeal since [its] inception on June 14, 2016," and therefore he "should be

allowed to proceed and argue the case." Reply Br. 1. Thus, Mr. Shandler, at best, provides one conclusory sentence about the first prong. He does not attempt to explain that "extraordinary circumstance[s]" prevented him from filing his petition to review by the 60-day deadline. This showing is insufficient to establish entitlement to equitable tolling. For these reasons, we dismiss Mr. Shandler's petition as untimely.

CONCLUSION

Accordingly, we dismiss Mr. Shandler's petition for review before this court.

**DISMISSED**

COSTS

No costs.